UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| **Plaintiff**, | ) | CASE No.  24-CV-2303 |
| | ) | |
| v. | ) | |
| | ) | |
| LAWRENCE N. BRANDT, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GLENBROOK LIMITED PARTNERSHIP | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMERICAN UNIVERSITY | ) | |
| | ) | |
| **Defendants**. | ) | |

**CONSENT DECREE**

TABLE OF CONTENTS

I.      BACKGROUND ............................................................................................................ 1
II.     JURISDICTION .......................................................................................................... 1
III.    PARTIES BOUND ...................................................................................................... 1
IV.     DEFINITIONS............................................................................................................. 2
V.      HISTORY OF THE SITE............................................................................................ 4
VI.     OBJECTIVE ............................................................................................................... 5
VII.    PAYMENT BY SETTLING DEFENDANTS FOR RESPONSE COSTS ...................... 5
VIII.   FAILURE TO COMPLY WITH CONSENT DECREE .................................................. 8
IX.     COVENANTS BY UNITED STATES ......................................................................... 9
X.      RESERVATIONS OF RIGHTS BY UNITED STATES................................................ 10
XI.     COVENANTS BY SETTLING DEFENDANTS .......................................................... 10
XII.    EFFECT OF SETTLEMENT/CONTRIBUTION ........................................................ 111
XIII.   RETENTION OF RECORDS...................................................................................... 122
XIV.    NOTICES AND SUBMISSIONS................................................................................ 144
XV.     RETENTION OF JURISDICTION............................................................................. 166
XVI.    INTEGRATION .......................................................................................................... 16
XVII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ................................. 166
XVIII.  MODIFICATIONS TO THE DECREE ....................................................................... 176
XIX.    SIGNATORIES/SERVICE......................................................................................... 177
XX.     FINAL JUDGMENT .................................................................................................. 17

APPENDIX A – Site real properties within the Spring Valley FUDS at Operable Unit 3, including legal description

APPENDIX B – Environmental Area real properties, including legal description

APPENDIX C – Financial Information documents for Lawrence N. Brandt, Inc.

## I.    BACKGROUND

A.    The United States of America ("United States"), on behalf of the United States Army Corps of Engineers ("Corps"), filed a complaint in this matter ("Complaint") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, seeking reimbursement of response costs incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at or from the Site (as defined below) and as depicted and described at Appendix A, at the Spring Valley Formerly Used Defense Site ("Spring Valley FUDS") in Washington, D.C.

B.    The Defendants ("Settling Defendants") have entered into this Settlement Agreement and Consent Decree ("Consent Decree") without admission of any liability arising out of the transactions or occurrences alleged in the Complaint or adjudication of any issue of fact or law.

C.    The United States has reviewed the Financial Information at Appendix C submitted by Settling Defendants Lawrence N. Brandt, Inc. and Glenbrook Limited Partnership to determine whether these Settling Defendants are financially able to pay response costs incurred at the Site.  Based on this Financial Information, the United States has determined that Settling Defendant Glenbrook Limited Partnership is no longer an active company, and that Lawrence N. Brandt, Inc. has limited financial ability to pay for response costs incurred and to be incurred at the Site.

D.    The Settling Defendants and the Plaintiff (collectively, the "Parties") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, in the public interest, and consistent with the objectives of CERCLA.

THEREFORE, with the consent of the Parties to this Consent Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.    JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over Settling Defendants.  Solely for the purposes of this Consent Decree, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Settling Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.    PARTIES BOUND

2.    This Consent Decree is binding upon the United States and upon Settling Defendants and their heirs, successors, and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property,

shall in no way alter the status or responsibilities of the Settling Defendants under this Consent Decree.

## IV.    DEFINITIONS

3.    Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated thereunder shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto.

"Corps" shall mean the U.S. Army Corps of Engineers.

"Day" or "day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"Decision Document" shall mean the document titled "4825 Glenbrook Road Decision Document," prepared by the Corps, and dated July 2012.

"DOD" shall mean the U.S. Department of Defense and its predecessor and successor departments, agencies, or instrumentalities.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"Environmental Area" shall mean the real properties located at the southwestern edge of American University along Rockwood Parkway, including but not limited to the subsurface and/or groundwater, and as depicted at Appendix B, including the legal description.

"Financial Information" shall mean those financial documents identified in Appendix C.

 "Glenbrook Limited Partnership and Lawrence N. Brandt Inc. Related Parties" shall mean: (i) Glenbrook Limited Partnership or Lawrence N. Brandt Inc.'s former or current successors and assigns, affiliates, trusts or estates, but only to the extent that the liability of such person or entity is based on the liability of Glenbrook Limited Partnership or Lawrence N. Brandt Inc.; (ii) Glenbrook Limited Partnership or Lawrence N. Brandt Inc.'s former or current officers, directors, managers or employees, but only to the extent that the liability of such person is based on acts or omissions which occurred in the scope of the person's employment or capacity as an officer, director, manager or employee.

Except as provided in Paragraph 17(a)(i)-(iii), "Interest" shall mean interest at the rate specified for interest on investments of the Environmental Protection Agency Hazardous

2

Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of Interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Operable Unit 3" or "OU3" shall mean the real properties at and about 4825 Glenbrook Road, NW; 4835 Glenbrook Road, NW; and 4801 Glenbrook Road, NW in Washington, D.C. 20016, including, without limitation, the subsurface and/or groundwater.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper- or lower-case letter.

"Parties" shall mean the United States and the Settling Defendants.

"Plaintiff" shall mean the United States of America and each department, agency, and instrumentality of the United States, including, but not limited to, the Corps, DOJ, DOD, and the Environmental Protection Agency.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Response Costs" shall mean all past and future costs, including but not limited to all direct and indirect costs, that the Corps or the United States has incurred or paid, or will incur or pay, at or in connection with the Site, plus accrued Interest on all such costs.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean American University, Glenbrook Limited Partnership, and Lawrence N. Brandt, Inc.

"Site" shall mean the real properties within the Spring Valley FUDS at or about Operable Unit 3, including but not limited to the subsurface and/or groundwater, and as generally depicted at Appendix A, including the legal description.

"Spring Valley Formerly Used Defense Site" or "Spring Valley FUDS" shall mean the approximately 660 acres in northwest Washington, D.C. that was formerly occupied by the United States government between 1917 and 1920 for research and testing of chemical agents, equipment, and munitions, known as American University Experiment Station ("AUES") and Camp Leach, including Operable Unit 3, approximately 1,600 private properties, and property still owned by American University including the Environmental Area.

"Transfer" shall mean to sell, assign, convey, lease, mortgage, or grant a security interest in, or where used as a noun, a sale, assignment, conveyance, or other disposition of any interest by operation of law or otherwise.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including, but not limited to, the Corps, DOJ, DOD, and the Environmental Protection Agency.

"Waste Material" means (a) any "hazardous substance" under Section 101(14) of CERCLA; (b) any pollutant or contaminant under Section 101(33) of CERCLA; (c) any "solid waste" under Section 1004(27) of RCRA; (d) munitions and explosives of concern ("MEC"); and (e) chemical warfare material ("CWM").

## V.    HISTORY OF THE SITE

4.    The following facts in this Section V (History of the Site) are asserted by the United States but are not necessarily agreed to by the Settling Defendants.

5.    The Site is generally located on or near Glenbrook Road, NW, in Washington, D.C. 20016 and is part of the Spring Valley FUDS.

6.    From approximately 1917 until 1921, property owned by American University was used by the United States in support of World War I wartime efforts. These activities included the United States' development of the AUES for research and testing of chemical agents, equipment and munitions.

7.    Beginning in 1986, the Corps, in response to inquiries by American University, undertook investigations to determine whether the United States' use of the Site and AUES activities during World War I may have resulted in the disposal of any hazardous substances, MEC or CWM at the AUES properties. The Corps' final report in November 1986 concluded that there was no official documentation of the alleged burial of munitions on the AUES properties.

8.    In 1990, American University sold 4825 Glenbrook Road, NW to Glenbrook Limited Partnership. Lawrence N. Brandt, Inc., General Partner of Glenbrook Limited Partnership, signed the sales agreement with American University for this transaction on behalf of Glenbrook Limited Partnership.

9.    Beginning in 1992, Glenbrook Limited Partnership and/or Lawrence N. Brandt, Inc. undertook redevelopment activities at 4825 Glenbrook Road, NW, and the adjacent 4835 Glenbrook Road, NW, property. These redevelopment activities allegedly resulted in the dispersal of hazardous substances, including arsenic, MEC and CWM, on the 4825 Glenbrook Road, NW, property and the adjacent 4835 Glenbrook Road, NW, property.

10.    Buried munitions were first discovered in a portion of the Spring Valley FUDS in January of 1993. An investigation on the 4801 Glenbrook Road, NW, property in 1998 discovered buried munitions pits contaminated with munitions items and lab glassware, some of which contained traces of chemical agents. Specifically, a burial pit was discovered on the property boundary between 4801 Glenbrook Road, NW, and 4825 Glenbrook Road, NW.

11.    From approximately 1993 through 2010, the Corps undertook a series of investigations on the 4825 Glenbrook Road, NW, property to determine the potential presence of hazardous substances, MEC, and CWM, and to delineate the nature, extent, and impact of any

4

contamination on the property. Additional contamination was discovered extending onto the 4835 Glenbrook Road, NW, property.

12.     The 4825 Glenbrook Road, NW, property was sold back to American University in 2005.

13.     In June 2012, the Corps issued a Decision Document that selected a cleanup alternative to address the contamination at the 4825 Glenbrook Road, NW, property.  The selected remedy included, *inter alia*, demolishing the residence at 4825 Glenbrook Road, NW, and restoring the 4825 Glenbrook Road, NW, property to residential use standards to provide for unrestricted future use of the property.

14.     Construction and implementation of the remedy occurred at 4825 Glenbrook Road, NW, from 2012 through 2021.  The Corps' remedial activities at the property were complete in July 2021, and the Corps vacated 4825 Glenbrook Road, NW, and returned the property to American University as of July 31, 2021.

15.     On or about April of 2023, American University entered into a Memorandum of Understanding and Right of Entry agreement with the Corps, authorizing the Corps to conduct preparatory activities, investigative activities, and all associated remedial activities needed on the Environmental Area as depicted and described at Appendix B.  Those efforts are ongoing.

## VI.     OBJECTIVE

16.     Pursuant to Section IX (Covenants by United States) and except as specifically provided in Section X (Reservation of Rights by United States), the objective of the Parties in entering this Consent Decree is for the Settling Defendants to make cash payments to the United States to resolve their alleged liability under CERCLA related to the response actions undertaken by the United States at the Site.

## VII.     PAYMENT BY SETTLING DEFENDANTS FOR RESPONSE COSTS

17.     **Payments by Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc.**  Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. shall pay the total principal sum of $750,000, plus interest as described in subparagraphs (a)(i)-(iii), below.

(a)     Payment of the total principal sum shall be made in three consecutive annual installment payments, as follows:

(i)     <u>First Payment</u>.  The first payment of $250,000 is due fifteen (15) days after the Effective Date.  Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. shall include with the first payment an additional amount for interest accrued at the rate of 8.50% per annum of the total principal sum from the Effective Date through the date of payment.

(ii)     <u>Second Payment</u>.  The second payment of $250,000 is due 380 days after the Effective Date.  Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. shall include with the second payment an additional

amount for interest accrued at the rate of 8.50% per annum on the unpaid principal balance from the date of the previous payment through the date of this payment.

(iii)    <u>Third Payment</u>.  The third payment of $250,000 is due 745 days after the Effective Date.  Settling Defendants shall include with the third payment an additional amount for interest accrued at the rate of 8.50% per annum on the unpaid principal balance from the date of the previous payment through the date of this final payment.

(iv)    <u>Accelerated Payment</u>.  Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. may at their sole discretion accelerate any of the payments set forth in (i)-(iii), above in whole or in part.  If Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. accelerate any of the payments set forth in (i)-(iii), above, they shall include with each payment an additional amount of interest accrued at the rate of 8.50% per annum on the unpaid principal balance from the date the previous payment is due per the terms of this agreement through the date of that accelerated payment.

(b)    Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. are jointly and severally liable for the payments pursuant to Paragraph 17(a)(i)-(iii).  If Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. fail to make any payment required by Paragraph 17(a)(i)-(iii) by the due date, all remaining payments and all accrued interest shall become due immediately upon such failure, except that Settling Defendants shall first have thirty (30) additional days to make the missed installment payment before the remaining payments are accelerated.  Interest shall continue to accrue on any unpaid amounts at the rate of 8.50% per annum until the total amount due has been received.  Interest and accelerated payments required by this Paragraph 17(b) shall be in addition to any stipulated penalties owed pursuant to Paragraph 23.

(c)    If Settling Defendants Glenbrook Limited Partnership and/or Lawrence N. Brandt, Inc. or a third party commences any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors:  (i) seeking any order for relief of Settling Defendants Glenbrook Limited Partnership's and/or Lawrence N. Brandt, Inc.'s debts, or seeking to adjudicate either entity as bankrupt or insolvent; or (ii) seeking appointment of a receiver, trustee, custodian, or other similar official for Settling Defendants Glenbrook Limited Partnership and/or Lawrence N. Brandt, Inc. for all or a substantial part of either of these entities' assets, Settling Defendants Glenbrook Limited Partnership's and Lawrence N. Brandt, Inc.'s obligations to make payment pursuant to Paragraph 17(a)((i)-(iii) shall be accelerated and any remaining payments shall be due immediately.  However, if a third party commences any case, proceeding, or action against Settling Defendants Glenbrook Limited Partnership and/or Lawrence N. Brandt, Inc. as referenced in the previous sentence, Settling Defendants Glenbrook Limited Partnership and/or Lawrence N. Brandt, Inc. shall have a period of 120 days to seek dismissal of the case, proceeding, or action before the remaining payments are accelerated.  If the case, proceeding, or action against Settling

6

Defendants Glenbrook Limited Partnership and/or Lawrence N. Brandt, Inc. is not dismissed after the 120-day period, or if, prior to the end of the 120-day period, there is an order or decree approving or ordering the relief of Settling Defendants Glenbrook Limited Partnership's and/or Lawrence N. Brandt, Inc.'s debts or adjudicating either entity as bankrupt or insolvent, or appointing a receiver, trustee, custodian, or other similar official for them, then Settling Defendants Glenbrook Limited Partnership's and Lawrence N. Brandt, Inc.'s obligations to make payments under Paragraph 17(a)(i)-(iii) shall be accelerated and any remaining payments shall be due immediately.

18.     **Payment by Settling Defendant American University**.  Within fifteen (15) days after Settling Defendant American University receives notice from the United States that this Consent Decree has been lodged, Settling Defendant American University shall deposit $4,000,000 (four million dollars) into an interest-bearing escrow account in a duly chartered bank or trust company that is insured by the Federal Deposit Insurance Corporation (the "Escrow Account").  If the Consent Decree is not entered by the Court, and the time for any appeal of that decision has run, or if the Court's denial of entry is upheld on appeal, the monies placed in escrow, together with accrued interest thereon, shall be returned to Settling Defendant American University.  If the Consent Decree is entered by the Court, Settling Defendant American University shall, within thirty (30) days after the Effective Date, cause the monies in the Escrow Account, together with accrued interest thereon, to be paid to the Corps in accordance with Paragraphs 18, 19, 20 and 21.

19.     **Payment**.  DOJ shall provide payment instructions to the individuals listed for each Settling Defendant in Section XIV (Notices and Submissions).  Each Settling Defendant may change the individual to receive payment instructions on its behalf by providing written notice of such change to DOJ and the Corps in accordance with Section XIV (Notices and Submissions).  Each Settling Defendant shall pay, or if required above in the payment terms cause the relevant escrow agent to make payment from the Escrow Account, to the United States Army Corps of Engineers Finance Center referencing DJ Number 90-11-3-12095, which shall be used to identify all payments required to be made in accordance with this Consent Decree, and using either the Pay.gov link https://www.pay.gov/public/form/start/24623629 or a check that can be mailed to the following address:

> USACE Finance Center
> 5722 Integrity Drive
> Millington, TN  38054

20.     **Payment for Response Costs**.  The total amount to be paid pursuant to Section VII shall be for reimbursement to the Corps of Response Costs at or in connection with the Site.

21.     **Notice of Payment**.  At the time of payment, each Settling Defendant shall send to DOJ and the Corps (via email to Kevin Heath at kevin.j.heath@usace.army.mil) and in accordance with Section XIV (Notices and Submissions), a notice of this payment including references to the Spring Valley/Glenbrook project and DJ Number 90-11-3-12095.

### VIII.   FAILURE TO COMPLY WITH CONSENT DECREE

22.     **Interest on Late Payments**.  If Settling Defendant American University fails to make payment required under Paragraph 18 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment by Settling Defendant American University.

23.     **Stipulated Penalty**

    a.     If any of the amounts due to the Corps under Section VII (Payment by Settling Defendants for Response Costs) are not paid by the Settling Defendant from whom they are owed, the Settling Defendant failing to make the payment required of it hereunder shall be in violation of this Consent Decree and shall pay to the Corps, as a stipulated penalty with Interest, $250.00 per violation per day that such payment is late.

    b.     Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by the Corps.  The applicable Settling Defendant shall submit all payments to the United States Army Corps of Engineers Finance Center either using the Pay.gov link https://www.pay/gov/public/form/start/24623629 or a check can be mailed to the following address:

    USACE Finance Center
    5722 Integrity Drive
    Millington, TN  38054

    c.     Penalties shall accrue as provided in this Paragraph regardless of whether the Corps has notified the applicable Settling Defendant(s) of the violation or made a demand for payment.  All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.  Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

    d.     Nothing under this Paragraph shall be read to require any Settling Defendant that has fulfilled its payment obligations under Section VII (Payment by Settling Defendants for Response Costs) to pay the stipulated penalties or Interest of any other Settling Defendant who is in violation of its obligations under Section VII (Payment by Settling Defendants for Response Costs) or Paragraph 22.

24.     If the United States brings an action to enforce this Consent Decree, the Settling Defendant(s) that is or are the subject of the enforcement action shall reimburse the United States for all costs of such action, including but not limited to reasonable costs of attorney time.  The obligation to reimburse the United States shall fall only on the Settling Defendant(s) who has or have failed to comply with the terms of this Consent Decree.  The Settling Defendant(s) that has

or have complied with this Consent Decree shall not be liable to the United States for any costs or fees associated with or related to the enforcement action.

25.    Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of any Settling Defendant's failure to comply with the requirements of this Consent Decree.

26.    Nothing in this Section shall be read to require Settling Defendant American University to pay any amounts, stipulated penalties, or Interest owed by Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc., or to require Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. to pay any amounts, stipulated penalties, or Interest owed by Settling Defendant American University.

27.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse any Settling Defendant from payment as required by Section VII (Payment by Settling Defendants for Response Costs) or from performance of any other requirements of this Consent Decree.

## IX.    COVENANTS BY UNITED STATES

28.    **Covenants for Settling Defendant American University by United States**. Except as specifically provided in Section X (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant American University pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Response Costs or any other costs relating to any past, present, or future disposal, release, or threat of release of Waste Material on the Site.  Additionally, the United States covenants not to sue or take administrative action against Settling Defendant American University pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Response Costs or any other costs relating to any past, present or future disposal, release, or threat of release of Waste Material on the Environmental Area, including but not limited to the subsurface and/or groundwater.  These covenants shall take effect upon the Effective Date.  These covenants are conditioned upon the satisfactory performance by Settling Defendant American University of its obligations under this Consent Decree.  These covenants extend only to Settling Defendant American University that has complied with its obligations under the Consent Decree, and do not extend to any other person.

29.    **Covenants for Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. by United States**.  Except as specifically provided in Section X (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Response Costs or any other costs relating to any past, present, or future disposal, release, or threat of release of Waste Material on the Site.  These covenants shall take effect upon the Effective Date.  These covenants are conditioned upon the satisfactory performance by Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. of their obligations under this Consent Decree.  These covenants also are conditioned upon the veracity and

9

completeness of the Financial Information provided to the United States by Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. These covenants extend only to Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. that have complied with their obligations under the Consent Decree, and do not extend to any other person; provided, however, that these covenants (and the reservations thereto) shall also apply to Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. Related Parties.

## X.    RESERVATIONS OF RIGHTS BY UNITED STATES

30.    The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendants with respect to all matters not expressly included within Paragraph 28 (Covenants for Settling Defendant American University) and Paragraph 29 (Covenants for Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc.). Except for Paragraphs 28 and 29, and notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants with respect to:

      a.    liability for failure of any Settling Defendant to meet a requirement of this Consent Decree applicable to that Settling Defendant;

      b.    liability for costs incurred or to be incurred by the United States that are not within the definition of Response Costs or any other costs relating to any past, present, or future disposal, release, or threat of release of Waste Material on the Site;

      c.    criminal liability; and

      d.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## XI.    COVENANTS BY SETTLING DEFENDANTS

31.    **Covenants by Settling Defendant American University**. Settling Defendant American University covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Response Costs and this Consent Decree, including but not limited to:

      a.    any direct or indirect claim for reimbursement from the United States related to the Site and the Environmental Area, including but not limited to the subsurface and/or groundwater, based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

      b.    any claim arising out of the response actions at the Site and the Environmental Area, including but not limited to the subsurface and/or groundwater, for which the Response Costs were incurred, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

10

     c.     any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Response Costs or any other costs relating to any past, present, or future disposal, release, or threat of release of Waste Material on the Site.

32.     **Covenants by Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc.**  Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Response Costs and this Consent Decree, including but not limited to:

     a.     any direct or indirect claim for reimbursement from the United States related to the Site based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

     b.     any claim arising out of the response actions at the Site for which the Response Costs were incurred, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

     c.     any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Response Costs or any other costs relating to any past, present, or future disposal, release, or threat of release of Waste Material on the Site.

33.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## XII.    EFFECT OF SETTLEMENT/CONTRIBUTION

34.     Except as provided in Paragraphs 31.c. and 32.c., nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  Except as provided in Section IX (Covenants by United States) and Section XI (Covenants by Settling Defendants), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.  Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

35.     The Parties further agree, and by entering this Consent Decree this Court finds, that the Complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1).

11

36.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendants have, as of the Effective Date, resolved their liability to the United States within the meaning of CERCLA, including, but not limited to, Sections 113(f)(2), 113(f)(3)(B), and 122(h)(4), 42 U.S.C. §§ 9613(f)(2), 9613(f)(3)(B), and 9622(h)(4), and Settling Defendants are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Sections 113(f)(2) and 122(h)(4) of CERCLA, or as may be otherwise provided by law, for the "Matters Addressed" in this Consent Decree.  The "Matters Addressed" in this Consent Decree are all past or future Response Costs for the Site.

37.     Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify the Corps in writing no later than 60 days prior to the initiation of such suit or claim.  Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree by any person not a party to this Consent Decree, notify the Corps and DOJ in writing within 10 days after service of the complaint or claim upon it.  In addition, each Settling Defendant shall notify the Corps and DOJ within 10 days after service or receipt of any Motion for Summary Judgment made by any person not a party to this Consent Decree, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

38.     Except for claims covenanted herein, in any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by United States set forth in Section IX.

## XIII.   RETENTION OF RECORDS

39.     Until three (3) years after the Effective Date, Settling Defendants shall preserve and retain all non-identical copies of records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (other than records, reports, documents, and other information generated by the United States or available on the Corps' website for the Spring Valley FUDS) relating to the Matters Addressed in this Consent Decree (hereinafter referred to as "Records") now in its possession or control or that come into its possession or control.  Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

40.     At the conclusion of the record retention period set forth in Paragraph 39, the United States may request in writing that Settling Defendants deliver any non-privileged Records to the United States in a form and manner which shall be mutually agreed-upon by the Parties.  Absent such a request in writing from the United States, the Settling Defendants shall be free to destroy any such Records.

41. **Privileged and Protected Claims**

a. Any Settling Defendant may assert that all or part of a Record is privileged or protected as provided under federal law, provided that such Settling Defendant complies with Paragraph 41.b. and except as provided in Paragraph 41.c.

b. If any Settling Defendant asserts a claim of privilege or protection, it shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, the Settling Defendant shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. The Settling Defendant shall retain all Records that it claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in Settling Defendant's favor.

c. Settling Defendants may make no claim of privilege or protection regarding:

(1) any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

(2) the portion of any Record that any Settling Defendant is required to create or generate pursuant to this Consent Decree.

42. **Confidential Business Information (CBI) Claims**. Any Settling Defendant may assert that all or part of a Record submitted to Plaintiff under this Section is CBI to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Such Settling Defendant shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which such Settling Defendant asserts a CBI claim by labeling each page or each electronic record filed "claimed as confidential business information" or "claimed as CBI". Records that such Settling Defendant claims to be CBI will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of CBI accompanies Records when they are submitted to the Corps, or if the Corps has notified such Settling Defendant that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to such Settling Defendant.

13

43.    **Financial Information**.  Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. certify that, to the best of their knowledge and belief, after thorough inquiry, they have:

    a.    not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, documents, or other information (including records, reports, documents and other information in electronic form) other than identical copies relating to their potential liability regarding the Site since notification of potential liability by the United States, and that they have fully complied with any and all of Plaintiff's requests for information regarding the Site and Settling Defendants' financial circumstances, including but not limited to insurance and indemnity information;

    b.    submitted to Plaintiff financial information that fairly, accurately, and materially sets forth their financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to the United States and the time that Settling Defendants Glenbrook Limited Partnership and Lawrence N. Brandt, Inc. execute this Consent Decree; and

    c.    fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims relating to cleanup of the Site, and submitted to the United States upon request such insurance policies, indemnity agreements, and information.

44.    Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, and Settling Defendants retain all available defenses, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XIV.   NOTICES AND SUBMISSIONS

45.    All agreements, approvals, consents, deliverables, modifications, notices, notifications, objections, proposals, reports, waivers, and requests (hereinafter, "submissions") specified in this Consent Decree must be in writing unless otherwise specified.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.  In the case of emailed submissions, there is a rebuttable presumption that such submissions are received on the same day that they are sent.

**As to DOJ by email**:    EES Case Management Unit
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611

Washington, D.C. 20044-7611
eescdcopy.enrd@usdoj.gov
Re: DJ # 90-11-3-12095

**As to the Corps:**          CECC-E
(Attn: Chris Carey)
Assistant Counsel for Environmental Law
Office of the Chief Counsel
U.S. Army Corps of Engineers
Chris.d.carey@usace.army.mil

**As to Settling Defendant
American University:**

American University
Traevena L. Byrd, Esq.
Vice President, General Counsel & Board Secretary
American University
4400 Massachusetts Avenue, NW
Washington, D.C.  20016
vpgc@american.edu
lawyers@american.edu

With a copy to:
Amy L. Edwards, Esq.
Meaghan A. Colligan, Esq.
Holland & Knight LLP
800 17th Street, NW
Suite 1100
Washington, D.C.  20006
amy.edwards@hklaw.com
meaghan.colligan@hklaw.com

**As to Settling Defendant
Glenbrook Limited
Partnership:**

Robert S. Brandt
1054 31st Street, NW
Suite 250
Washington D.C.  20007
RBrandt@brandtinc.com

With a copy to:
Michael C. Davis, Esq.

15

Ethan S. Barnes, Esq.
Venable LLP
600 Massachusetts Ave., NW
Washington, D.C. 20001
MCDavis@Venable.com
ESBarnes@Venable.com

**As to Settling Defendant**
**Lawrence N. Brandt, Inc.:**

Robert S. Brandt
1054 31st Street, NW
Suite 250
Washington D.C.  20007
RBrandt@brandtinc.com

With a copy to:

Michael C. Davis, Esq.
Ethan S. Barnes, Esq.
Venable LLP
600 Massachusetts Ave., NW
Washington, D.C. 20001
MCDavis@Venable.com
ESBarnes@Venable.com

## XV.    RETENTION OF JURISDICTION

46.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI.   INTEGRATION

47.    This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendices are attached to and incorporated into this Consent Decree: Appendix A - Site real properties within the Spring Valley FUDS at or about Operable Unit 3, including legal description; Appendix B - Environmental Area real properties, including legal description; and Appendix C - Financial Information documents.

## XVII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

48.    This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment.  The United States reserves the right to withdraw or

16

withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

49.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party, and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII. MODIFICATIONS TO THE DECREE

50.    Non-material modifications to this Consent Decree must be in writing and are effective when signed (including electronically signed) by duly-authorized representatives of the Parties.  Material modifications to this Consent Decree must be in writing, signed (including electronically signed) by the Parties, and are effective upon approval by the Court.

## XIX.   SIGNATORIES/SERVICE

51.    Each undersigned representative of the Settling Defendants and the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

52.    Each Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

53.    Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Each Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that the Settling Defendants need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XX.    FINAL JUDGMENT

54.    Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS ___ DAY OF _____, 202__.


_____
United States District Judge


17

Subject to the notice and comment requirements of 28 C.F.R. § 50.7, THE UNDERSIGNED PARTY enters this Consent Decree in this action captioned United States v. Glenbrook Limited Partnership, Lawrence N. Brandt, Inc., and American University.

**FOR THE UNITED STATES OF AMERICA**:

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

Dated: *August 6, 2024*

*Heidi Hoffman*

HEIDI HOFFMAN
Senior Trial Attorney
Environmental Enforcement Section
United States Department of Justice
999 18th Street, South Terrance, Suite 370
Denver, CO 80202
(303) 844-1392

OF COUNSEL:

CHRISTOPHER D. CAREY
Assistant Counsel for Environment
Department of the Army
U.S. Army Corps of Engineers
Office of Counsel
441 G Street, NW
Washington, D.C. 20314

BETHANY BLAKEMAN
Assistant District Counsel
Department of the Army
U.S. Army Corps of Engineers
2 Hopkins Plaza
Baltimore, MD 21201

18

Subject to the notice and comment requirements of 28 C.F.R. § 50.7, THE UNDERSIGNED PARTY enters this Consent Decree in this action captioned United States v. Glenbrook Limited Partnership, Lawrence N. Brandt, Inc., and American University.

**FOR GLENBROOK LIMITED PARTNERSHIP**

5-08-2024

Dated

Robert S. Brandt
President, Lawrence N. Brandt, Inc.; Former
General Partner of Glenbrook Limited Partnership
(inactive and registration revoked)

Agent Authorized to Accept Service on Behalf of Above-Signed Party:

Robert S. Brandt
President, Lawrence N. Brandt, Inc.
1054 31st Street NW
Suite 250
Washington D.C. 20007
(202) 965-1221
RBrandt@brandtinc.com

19

Subject to the notice and comment requirements of 28 C.F.R. § 50.7, THE UNDERSIGNED PARTY enters this Consent Decree in this action captioned United States v. Glenbrook Limited Partnership, Lawrence N. Brandt, Inc., and American University.

**FOR LAWRENCE N. BRANDT, INC.**

5-08-2024

Dated

Robert S. Brandt
President, Lawrence N. Brandt, Inc.
1054 31st Street NW
Suite 250
Washington D.C.  20007

Agent Authorized to Accept Service  on Behalf of Above-Signed Party:

Robert S. Brandt
President, Lawrence N. Brandt, Inc.
1054 31st Street NW
Suite 250
Washington D.C.  20007
(202) 965-1221
RBrandt@brandtinc.com

20

Subject to the notice and comment requirements of 28 C.F.R. § 50.7, THE UNDERSIGNED PARTY enters this Consent Decree in this action captioned United States v. Glenbrook Limited Partnership, Lawrence N. Brandt, Inc., and American University.

**FOR AMERICAN UNIVERSITY**

8 May 2024
Dated

Sylvia Burwell
President
4400 Massachusetts Ave., NW
Washington, D.C.  20016

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Traevena Byrd
Vice President, General Counsel & Board Secretary
4400 Massachusetts Ave., NW
Washington, D.C.  20016
(202) 885-3285
vpgc@american.edu

21